Ruffix, C. J.
 

 The opinion of the Court is, that the judgment be añirméd. Nearly every point, made b3r the exceptions, has been repeatedly decided in this Court, contrary to the argument of the defendant.
 

 The amendment in the Superior Court, of the transcript from the County Court, makes the judgment consistent with the record and right; as in our law all contracts are joint and several, But if the amendment had not been made, the sale would still have been good. The execution conformed to the judgment, which was against the administrators of Spencer alone. If there was error in any part of the proceedings, therefore, it was in the
 
 *18
 
 judgment. Now, error or irregularity in the judgment of a Court of competent jurisdiction, remaining unre-versed, does not affect the execution or the sale under it.
 
 Smith
 
 v. Kelly, 3
 
 Mur.p.
 
 507. The ease of
 
 Hatton
 
 v.
 
 Dew, Ibid
 
 260, establishes that a good execution in the Sheriff’s hands, sustains a sale under it, though wrongly recited or not recited in.the Sheriff’s deed.
 

 A vested remainder or a reversion in slaves may be sold under a
 
 fieri facias,
 
 subject to the temporary right of a hirer or other particular tenant.
 
 Knight
 
 v.
 
 Leak,
 
 2
 
 Dev.
 
 &
 
 Bat.
 
 130. The possession of a hirer is, in truth, that of the general owner, and not adverse to him.
 
 Whitaker
 
 v.
 
 Whitaker,
 
 1
 
 Dev.
 
 310. In
 
 Smith
 
 v.
 
 Kelly
 
 it was also ruled, that the bid of one person may be relinquished to another, who may take the Sheriff’s deed
 
 -r
 
 and the same doctrine was held in
 
 Testerman
 
 v.
 
 Poe, 2 Dev.
 
 &
 
 Bat.
 
 103.
 

 The remaining question, upon the registration, is the only one of any novelty ; and upon that, our opinion accords with that of his Honor. The counsel for the plaintiff has. indeed, argued, that the bill of sale is good without registration, as there is no creditor or purchaser in the case. But, whether the sale of a Sheriff stands upon the same ground with that of the owner himself, or whether the construction of the
 
 Rev. Stat. Ch.
 
 37,
 
 Sec.
 
 19, which re-enacts the 7th Section of the act of 1784, without its preamble, is to be the same as that of the original act with the preamble, the Court does not deem it necessary now to decide. For we hold,, that the deed was properly registered in Hyde. The statute,
 
 Rev. St. ch.
 
 37,
 
 sec.
 
 20, requires the conveyance
 
 of
 
 a slave to be registered in the county where the purchaser resides, if he be in possession of the slave ; but,-if, under any special agreement at the time of sale, the seller shall remain in possession, then it shall be registered in the county in which the vendor lives. The act does not, in any case, Require a registration in more than one place. It is to be
 
 *19
 
 either in the county of the purchaser or the seller ; but not in both, when they happen to be different counties. If this be a case in which the registration is to be in the purchaser’s county, we think the act has been complied with, because Hyde was his residence, or one of his places of residence. He, with his family, had been living on his plantation in that county, continuously for about three years, and up to the month before the purchase. That was certainly sufficient to gain him a domicil there. Nothing appears, from which it is to be inferred, that the plaintiff meant to give up that domicil. At most, it may be said, that he acquired a residence in Raleigh by coming to his house there. That is not clear, since there is nothing to shew how long he intended to remain up the country, when he came. But suppose he intended to fix a residence in Raleigh, he might do that without giving up his previous residence in Hyde ; and upon his death, the Court of either Wake or Hyde, had jurisdiction in granting administration or probate of his will. In the same manner, this conveyance might be registered in either of the counties, as that of his residence. For, as before noted, the act does not require registration in two counties, as to the same slave, and either county was a county of the plaintiff’s residence. But the plaintiff here was not in actual possession of the slave ; and therefore, the case does not fall within the first provision of the section, which directs the registration in the county of the purchaser’s residence. So that, at all events, Wake was not the proper county, at any time after the deed was made. The case, indeed, is not literally within either clause of the section; for, strictly speaking, it cannot be said, that there was a special agreement that the vendor should retain possession. That- language is appropriate to a sale by the owner of a slave of the present property, and not to the sale of a reversion, by a sheriff. But it is clear, the legislature must have intended that the sheriff’s deed, in such a case, should be registered somewhere;
 
 *20
 
 and the purposes, for which registration is required, are best answered by a registration in the county, in which the slave was sold .and the hirer and possessor of him lived. If not within the words of the latter part of the clause, the case then, is within the spirit and meaning of it. In this case, indeed, it so happened, that at the time of registering the bill of sale. November 1844, (which, was in due time under the act enlarging the period of registering deeds,) the plaintiff had resumed his residence in Hyde as his' exclusive residence ; 'so that it was then the county both of. the vendee and vendor, and must have been the proper county. In every point of view, therefore, the registration is sufficient.
 

 Per Curiam. Judgment affirmed.